IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 21-12383 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORMAN C. RHODES, | ) |
| a/k/a NORMAN CHARLES.. RHODES, | ) |
| a/k/a NORMAN-CHARLES.. RHODES, | ) |
| JEANNIE K. PARKER-RHODES, | ) |
| a/k/a  JEANNIE KAREN.. PARKER-RHODES, | ) |
| a/k/a JEANNIE-KAREN.. PARKER-RHODES, | ) |
| JULY THIRTYFIRST, and | ) |
| COUNTY OF ST. CLAIR, MICHIGAN, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Norman C. Rhodes and (2) enforce the federal tax liens against certain real property belonging to him.  For its complaint, the United States alleges as follows:

-1-

**JURISDICTION, PARTIES, AND PROPERTY**

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Norman C. Rhodes, also known as "Norman Charles.. Rhodes," also known as "Norman-Charles.. Rhodes," resides in St. Clair County, Michigan, within the jurisdiction of this Court.

3. The defendant Jeannie K. Parker-Rhodes, also known as "Jeannie-Karen.. Parker-Rhodes," also known as "Jeannie Karen.. Parker-Rhodes," is joined as a party because she may have a lien or claim an interest in the property described below.

4. The defendant "July ThirtyFirst" is the record title holder of the real property described below and is not a trust or legal entity, but a sham and the nominee of the defendant Norman C. Rhodes.

5. Defendant St. Clair County, Michigan, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

6. The real property upon which the United States seeks to enforce its tax liens (the "Real Property") is located at 3206 South Channel, Harsens Island, Michigan 48028, and has a legal description as follows:

> Lots 7 and 30, Lemke's Tashmoo Subdivision, according to the plat thereof as recorded in Liber 42 of Plats page 2, St. Clair County Register of Deeds office.
>
> Together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

7. The Real Property was conveyed to Norman C. Rhodes and Jeannie K. Parker-Rhodes, husband and wife, by Warranty Deed of Frank J. Syoen and Beverly A. Syoen, husband and wife, dated June 22, 1992, and recorded with the St. Clair County Register's Office at Liber 1269, Page 127, on June 25, 1992.

8. Subsequently, the Real Property was conveyed to "Norman Charles.. Rhodes" and "Jeannie-Karen.. Parker-Rhodes" by "Norman C. Rhodes" and "Jeannie K. Parker-Rhodes" husband and wife, by Quit Claim Deed dated April 12 and 16, 2001, and recorded with the St. Clair County Register's Office at Liber 2161, Page 933, on April 17, 2001.

9. The Real Property was thereafter conveyed to "July ThirtyFirst" by "Norman C. Rhodes" and "Jeannie K. Parker-Rhodes" by Quit Claim Deed dated May 1 and 2, 2001, and recorded with the St. Clair County Register's Office at Liber 2864, Page 344, on September 17, 2003.

## COUNT ONE
**(Claim Against Norman C. Rhodes to Reduce Income Tax Liabilities to Judgment)**

10. The United States incorporates by reference paragraphs 1 and 2 as if specifically re-alleged herein.

11. A delegate of the Secretary of the Treasury made assessments against Norman C. Rhodes for income taxes and fraudulent failure-to-file penalties for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of March 20, 2021, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 and penalties for failure to make estimate tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 3/20/21 |
|---|---|---|---|---|
| 12/31/2003 | 10/10/2011<br>10/10/2011 | Tax<br>Fraudulent Non-Filing Penalty (IRC § 6651(f)) | $46,161.00<br>$33,466.73 | $159,178.51 |
| 12/31/2004 | 10/10/2011<br>10/10/2011 | Tax<br>Fraudulent Non-Filing Penalty (IRC § 6651(f)) | $28,404.00<br>$20,592.90 | $112,346.77 |
| 12/31/2005 | 10/10/2011<br>10/10/2011 | Tax<br>Fraudulent Non-Filing Penalty (IRC § 6651(f)) | $34,874.00<br>$25,283.65 | $130,650.90 |

| | | | | |
|---|---|---|---|---|
| 12/31/2006 | 10/10/2011<br>10/10/2011 | Tax<br>Fraudulent Non-Filing Penalty<br>(IRC § 6651(f)) | $20,426.00<br>$14,808.85 | $71,630.20 |
| 12/31/2007 | 10/10/2011<br>10/10/2011 | Tax<br>Fraudulent Non-Filing Penalty<br>(IRC § 6651(f)) | $17,465.00<br>$12,662.13 | $57,143.19 |
| 12/31/2008 | 10/10/2011<br>10/10/2011 | Tax<br>Fraudulent Non-Filing Penalty<br>(IRC § 6651(f)) | $8,851.00<br>$6,416.98 | $27,403.39 |
| **Total** | | | | $558,352.96 |

12. The Secretary of the Treasury determined that the fraudulent failure-to-file penalties under 26 U.S.C. § 6651(f) which were assessed for each of Norman C. Rhodes' 2003 through 2008 income tax years were supported by indicia of fraud, including the following factors:

   a. Norman C. Rhodes consistently failed to file federal income tax returns over an extended period of time, including for his 1998 through 2008 income tax years;

   b. Norman C. Rhodes received, but did not report, substantial amounts of taxable income for each of his 2003 through 2008 income tax years, which income was discovered by the Secretary of the Treasury through bank records obtained from third parties;

c. Norman C. Rhodes failed to make required payments of estimated tax for his 2003 through 2008 income tax years;

d. Norman C. Rhodes was uncooperative with the Secretary of the Treasury's investigation of his 2003 through 2008 income tax years, repeatedly failing to answer Secretary of the Treasury inquiries, appear at appointments with Secretary of the Treasury personnel, and provide requested documents;

e. Norman C. Rhodes attempted to conceal his assets, including by (i) banking under the names of two nominees, "Signmaker" and "Graphics Associates," which were determined to be sole proprietorships of Norman C. Rhodes, (ii) paying for his personal and living expenses through checks drawn from the Signmaker and Graphics Associates bank accounts, and (iii) transferring title to the Real Property to "July ThirtyFirst" as nominee; and,

f. Norman C. Rhodes proffered implausible explanations for his behavior, including frivolous theories of exemption from tax reporting requirements such as that he was not within the jurisdiction of the Secretary of the Treasury and had not entered into any agreement or

arrangement requiring him to file federal tax returns or pay federal income tax.

13. Notice of the liabilities described in paragraph 11 was given to, and payment demanded from, Norman C. Rhodes.

14. Despite proper notice and demand, Norman C. Rhodes failed, neglected, or refused to fully pay the liabilities, and after application of all abatements, payments, and credits, he remains liable to the United States in the amount of $558,352.96, plus statutory additions and interest accruing from and after March 20, 2021.

## COUNT TWO
### (Claim Against All Parties to Enforce Federal Tax Liens Against Real Property)

15. The United States incorporates by reference paragraphs 1 through 14 as if specifically re-alleged herein.

16. Norman C. Rhodes and Jeannie K. Parker-Rhodes jointly obtained title to the Real Property by deed dated June 22, 1992.

17. By quitclaim deed dated April 12 and 16, 2001, Norman C. Rhodes and Jeannie K. Parker-Rhodes conveyed the Real Property to themselves, and by quitclaim deed dated May 1 and 2, 2001, conveyed the Real Property to "July ThirtyFirst."

18. "July ThirtyFirst" is indistinguishable from Norman C. Rhodes, and is in effect a nominee of Norman C. Rhodes.

19. Because Norman C. Rhodes neglected, failed, or refused to fully pay the liabilities described in paragraph 11 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property of Norman C. Rhodes, including the Real Property.

20. Notices of Federal Tax Lien ("NFTLs") were filed with respect to the liabilities described in paragraph 11 with the St. Clair County Register of Deeds, in accordance with 26 U.S.C. § 6323(f), on August 15, 2012, and refiled on March 4, 2021.

21. A NFTL with respect to "July ThirtyFirst" as nominee of Norman C. Rhodes was filed with the St. Clair County Register of Deeds on March 30, 2016 and refiled on March 4, 2021.

22. The United States is entitled to enforce the federal tax liens described in paragraph 19 against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the

Real Property; second, to St. Clair County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against defendant Norman C. Rhodes for income tax liabilities for the periods ending December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2008, in the amount of $558,352.96, plus statutory additions and interest accruing from and after March 20, 2021, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A on the Real Property;

C. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the

sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; second, to the defendant St. Clair County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in paragraph A, except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

      D.    The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Noah D. Glover-Ettrich*
NOAH D. GLOVER-ETTRICH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-514-9838 (v)
202-514-5238 (f)
Noah.D.Glover-Ettrich@usdoj.gov

Local Counsel:

SAIMA S. MOHSIN
Acting U.S. Attorney

PETER A. CAPLAN (P30643)
Assistant U.S. Attorney
United States Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
peter.caplan@usa.doj.gov